**FILED**

June 11 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0550

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 156N

LEWIS AND CLARK COUNTY, a political
subdivision of the STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

ANDY SKINNER,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Lewis and Clark, Cause No. CDV 10-865<br>Honorable Kathy Seeley, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Robert T. Cummins, Attorney at Law; Helena, Montana

        For Appellee:

            Leo J. Gallagher, County Attorney; K. Paul Stahl and Katie Jerstad, Deputy
            County Attorneys; Helena, Montana

                         Submitted on Briefs: May 1, 2013

                                   Decided: June 11, 2013

Filed:

                _____
                             Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Andy Skinner (Skinner) appeals from a May 29, 2012 order of the First Judicial District Court, Lewis and Clark County, granting summary judgment to Lewis and Clark County (the County). We affirm.

¶3 Skinner is the owner of real property located in Lewis and Clark County, Montana (hereinafter referred to as Astor Placer). In November 2007, the Lewis and Clark County Attorney's Office was notified that Skinner was blocking public access on two roads that cross Astor Placer. The two roads are commonly known as the Canyon Creek-Gould Road and the Virginia Creek-Gould Road. On September 10, 2010, the County filed a declaratory judgment action seeking a determination that the Canyon Creek-Gould Road and the Virginia Creek-Gould Road are public roads, and requesting that Skinner be enjoined from obstructing the roads and denying public access where they cross his property. Skinner denied the roads are public. He further argued that a prior court order resolved the status of the roads, thereby rendering the issues raised in the County's complaint res judicata. Both parties filed for summary judgment. The District Court held a hearing on the matter, and in May 2012, issued an order that granted the County's motion and denied Skinner's motion. Skinner appeals.

2

¶4      This Court reviews a district court's grant of summary judgment de novo, using the same standards as the district court under M. R. Civ. P. 56(c). *Styren Farms, Inc. v. Roos*, 2011 MT 299, ¶ 10, 363 Mont. 41, 265 P.3d 1230. We review for correctness a district court's legal conclusion that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Turner v. Wells Fargo Bank, N.A.*, 2012 MT 213, ¶ 11, 366 Mont. 285, 291 P.3d 1082.

¶5      In granting summary judgment to the County, the District Court determined the parties disagreed over the interpretation of documents and applicability of case law, but that no genuine issues of material fact existed. We agree. The Astor Placer was located by Duncan McDougall (McDougall) in 1886. McDougall amended the location of his claim in 1888, and a patent was issued and filed in the County Clerk and Recorder's office in 1889. The survey of McDougall's claim shows a line running east to west through Astor Placer labeled, "County Road to Jay Gould."

¶6      In 1887—after McDougall first located the Astor Placer but before he amended the location and received a patent—four landowners petitioned the county commissioners to establish a seven-mile-long county road from Canyon Creek to the Jay Gould Mining District, which was located immediately west of McDougall's claim, (Canyon Creek-Gould Road). The petition provides that "all the persons through whose land the said road is to be laid hereby donate the right of way through said land; and this petition is signed by all persons through or by whose land the said road passes." McDougall's signature is not on the

3

petition. The commissioners granted the petition and declared the roadway a "public highway."

¶7 There is no petition in the County's records relating to the Virginia Creek-Gould Road. However, the County provided several other documents to the District Court that reference the creation of the Virginia Creek-Gould Road in the early 1900s and the petition submitted by affected freeholders. Additional documentation shows that the Virginia Creek-Gould Road crosses a portion of the Astor Placer.

¶8 On appeal, Skinner points to several documents, as well as the absence of some—such as the petition relating to the Virginia Creek-Gould Road—to argue that the Canyon Creek-Gould Road and the Virginia Creek-Gould Road were not properly dedicated as public roads by statutory process. In *Reid v. Park Co.*, 192 Mont. 231, 627 P.2d 1210 (1981), the Court recognized the difficulties of reconstructing detailed histories of county roads created many years ago. There, we adopted the rule "that it is sufficient if the record taken as a whole, shows that a public road was created. Otherwise, the burden on the public in a particular case to prove a public road was created so many years ago may well be unsurmountable." *Reid*, 192 Mont. at 236, 672 P.2d at 1213. Additionally, in *Ashby v. Maechling*, 2010 MT 80, ¶ 29, 356 Mont. 68, 229 P.3d 1210, we noted:

> Requiring production of documentary evidence of events that occurred long ago can be impracticable, and there is a disputable presumption that official duty has been regularly performed. Discrepancies in the description or location of a road in old county documents are not sufficient to turn a county road into private property.

4

(Internal citations omitted.) After reviewing the record, we conclude the District Court correctly determined that the documentation, taken as a whole, shows that the County properly established the Canyon Creek-Gould Road and the Virginia Creek-Gould Road as public roads. There were no genuine issues of material fact and summary judgment was appropriate as a matter of law.

¶9 Skinner also asserts that the District Court erred in refusing to determine that the issues raised by the County's complaint are res judicata. Skinner maintains that a quiet title action in the 1980s extinguished any public status that the two roads may have had. However, the record demonstrates that the quiet title action was dismissed in 1988 without resolution as to the status of the roads. Therefore, the District Court correctly determined the doctrine of res judicata does not apply in this matter.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

5